FREDDIE HAYES MOORE *v.* GEORGIA TUCKER, ADM'X

5-4206                                           414 S. W. 2d 374

Opinion delivered May 8, 1967

*James R. Howard,* for appellant.

*Rose, Meek, House, Barron, Nash & Williamson,* for appellee.

CARLETON HARRIS, Chief Justice. These proceedings relate to the efforts of Freddie Hayes Moore to establish herself as the legitimate daughter of Herbert Hayes, deceased. Appellant was born on May 24, 1923, and her mother is Thelma Rivers Hayes Foston; she alleges that her father was Herbert Hayes, who died testate in Pulaski County on May 17, 1965. A holographic will, pur-

portedly, executed by Hayes, was admitted to probate, the estate being devised to Elsie Montague, a former wife, and Saxonia Shields a daughter. Mrs. Moore filed a petition in the Probate Court attacking the validity of the will, and seeking to have herself determined as the only heir of Herbert Hayes; in the alternative, she prayed that, if the will be held valid, she be declared a pretermitted child. On trial, appellant abandoned the contention that the will was invalid, and proceeded solely on the theory that she was a pretermitted child. At the conclusion of the hearing, the court denied the petition, and from the order so entered, appellant brings this appeal. For reversal, it is simply alleged that the court erred in holding that Mrs. Moore failed to prove she was the child of Herbert Hayes.

As is usual in this type of case, testimony was considerably in conflict. Thelma Rivers Hayes Foston, mother of appellant, and a resident of New York, testified that, in 1922, as a 16-year-old girl, and while a resident of Little Rock, she became acquainted with Herbert Hayes; that he was 35 years of age at the time. The witness said that she had sexual relations with Hayes, became pregnant, and her child, appellant herein, was subsequently born. She stated that Hayes, not knowing she was pregnant, left Little Rock in 1922 and went to New Orleans, and that he wanted her to go with him, but she did not want to leave her mother. Mrs. Foston testified that he then went to Canada,[1] where he operated concession stands at fairs and rodeos. There are two birth certificates for appellant. According to Mrs. Foston, her mother gave the information on the first birth certificate, which showed the name of the child as Mardilla Jones, the mother as Thelma Rivers, and the father as Paul Jones. The age of the father is given as 20 years. This birth certificate was filed on June 9, 1923. During the trial, evidence was offered that Herbert Hayes, during the time that he lived in Little Rock, was also known as Herbert Jones, his father

---

[1]The record reflects that he had previously lived in Canada for some period of time.

having assumed that name because of a homicide committed in Kentucky. Mrs. Foston testified that her father was very angry over the pregnancy, and insisted that she marry one of his friends, Fred Morris, Hayes having left the city. However, Morris went to Chicago, and never returned. This last occurrence took place after the birth of the child, but since Morris had indicated that he would return and marry her, the witness testified that she had the certificate changed, and a second birth certificate was issued on August 2, 1923, showing Fred Morris as the father of the child. Thelma Foston, about ten months later, went to Massachusetts, and married Herbert on September 30, 1924.[2] The next year, the two went to Philadelphia, and sent for the baby (appellant herein), which was being kept by Hayes' father and mother. Mrs. Foston said that the three lived together; that Hayes recognized the baby as his child, and represented her as his daughter to friends. A separation occurred in 1929, and the parties were divorced in March, 1932, in Little Rock. The witness lived in this city for about seven months, and then went to New York. Upon receiving information that Hayes had been injured and was in the hospital, she returned to Little Rock, and, with her daughter, visited him on several occasions before he died.

Appellant, a resident of Little Rock since about 1945, testified that she remembered her father from early days in Boston and New York, and that he always recognized her as his daughter. She lived with her mother in New York until March, 1944, at which time she married Edward Moore. After about a year the Moores moved to Little Rock, and have lived here since that time. Hayes had also returned to Little Rock to live, and appellant testified that he frequently visited in her home, and referred to her children as his grandchildren. She stated that he helped her financially a number of times, would visit her about once a month, and always gave the children Christmas and birthday presents.

---

[2] The marriage certificate was offered in evidence.

Appellant's husband testified that he had known his wife during childhood as a "Hayes;" that, after their marriage and return to Little Rock, Herbert Hayes visited in the home, and the children called him "Grandpa" and "Grandaddy." The marriage certificate of appellant and her husband (1944) reflects her name as Freddie Hayes, and the birth certificates of her children, born in 1948 and 1952, reflect the mother's name as Freddie Hayes.

Hazel B. Bright, 72 years of age, testified that she had known Herbert Hayes all of his life, and that he was also known as Herbert Jones; that she lived close to him, and had frequently heard him talk about his beautiful daughter, Freddie; that he had stated that appellant was his daughter, and that he loved her.

Saxonia Shields, one of the beneficiaries under the will, and daughter of Hayes,[3] testified that she met Thelma Rivers Hayes Foston and Freddie Moore at a nursing home (to which Hayes was taken after leaving the hospital), and Mrs. Foston told her that Mrs. Moore was her daughter, but not Herbert Hayes' daughter.

Lydia Talbert, a registered nurse at the University Medical Center, testified that a few days after Hayes was admitted to the emergency room, a lady appeared who gave her name as Thelma, claiming to be the ex-wife of Mr. Hayes. Mrs. Talbert asked about the relatives, and was informed, "She [Thelma Foston] was all he had and as soon as she found out about his illness she came to take care of him. *** We asked if he had any children and she said, no, said she was all he had."

Nathaniel Wilson, who was employed by Routen's nursing home as manager during the time that Herbert

---

[3] While appellant and her mother do not admit that this witness was a child of Herbert Hayes, the record contains the birth certificate of Saxonia, dated December 14, 1920, and reflecting that she was born in Toronto, Canada, her father being listed as Herbert Hayes, and her mother as Elsie Shadd Hayes (now Montague). According to the testimony, Elsie Shadd and Herbert Hayes were married in February, 1920, in Toronto.

was an occupant of the home, testified that he inquired from Mrs. Foston as to the relationship of Mrs. Moore: "Her response to that was that the daughter was her daughter, although Mr. Hayes did raise her."

Further:

"I asked her what was the daughter's relation, because the daughter wasn't talking during the interview, she wasn't very conversant. She only identified herself as Mrs. Moore. She was a Mrs. Moore to me. So I asked her what was the relationship of the daughter to Mr. Hayes. This is when she stated this was her daughter although Mr. Hayes did raise her as a daughter.

Q. Did she say whether or not Hayes was her father, is what we are trying to get at.

A. No, she did not at any time say he was the father.

Q. Did she say he was not the father?

A. She did not say he wasn't the father. She said he raised her."

Georgia Tucker, employed by Hubble Funeral Home, testified that she was well acquainted with Herbert Hayes, and that he had discussed his family with her. According to this witness, he had stated that he had been married to Thelma Rivers Hayes Foston, but had no children by this wife. Mrs. Tucker said she went to see him at the University Hospital soon after learning of his accident, and that Mrs. Foston had told her that she was the ex-wife of Hayes, that she had a daughter, but the daughter was not Herbert's daughter.

This summarizes the pertinent testimony before the court.

Appellant's evidence to the effect that Hayes was her father (outside of her own evidence) thus consisted of the testimony of her mother, Thelma Foston, and that of Hazel B. Bright, who stated that Hayes had said that appellant was his daughter. Of course, the mother can hardly be classed as a disinterested wit-

ness. On the other hand, two witnesses, who apparently have no interest in the result of the litigation, emphatically stated that Mrs. Foston told them that Mrs. Moore was not the child of Hayes, and a third witness, Nathaniel Wilson, testified that Mrs. Foston said that appellant was her daughter, "though Mr. Hayes did raise her as a daughter."

In our view, the strongest evidence offered by appellant was her own marriage certificate, which showed her maiden name as Hayes, and the birth certificates of her children, which likewise reflected that maiden name. Though the information appearing on these certificates was evidently given by appellant herself, the strength of the evidence lies in the fact that it was given long before the estate became involved in litigation. However, having lived with Hayes for several years, and never having known any other father, it is not especially unusual that she used this name. Be that as it may, we think the birth certificates of appellant are the most persuasive items of evidence in the record, and these completely belie appellant's assertion that she is a daughter, although it is argued that the original birth certificate bolsters her case.

Appellant points out that there is evidence that Herbert Hayes was also known as Herbert Jones during his early years in Little Rock, and that this "ties in" with the birth certificate, which gives the name of the father as Jones. Of course, Jones is not an unusual name, and the information appearing on the birth certificate falls far short in identifying the father as Herbert Hayes or "Jones." In the first place, the name appearing on the certificate is "*Paul* Jones"; in the next place, though Thelma Foston testified that Herbert Hayes was about 35 years of age at the time she was going with him and became pregnant, the certificate reflects that "Paul Jones" was 20 years of age.

Summarizing, it was shown that Thelma Foston was married to Herbert Hayes, and there is testimony, though mainly from interested witnesses, that Hayes

recognized appellant as his daughter. However, like the Chancellor, we think appellant failed to establish her contention that Hayes was her father; certainly, we are not able to say that his findings were against the preponderance of the evidence.

The decree is affirmed.